UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ADD WOUND CARE SOLUTIONS LLC (JOSE LUIS TREJO),<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC.,<br><br>Defendant. | Civil Action No. 7:24-CV-00389 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss or, in the Alternative, Stay Pending Arbitration, (Dkt. No. 25), and Plaintiff's Request for Voluntary Dismissal or, in the Alternative, Motion to Remand, (Dkt. No. 26). The Court concludes that Plaintiff's voluntary dismissal—though incorrectly pursued through a motion and under the wrong rule, (*see* Dkt. No. 26 at 4)—is automatically effective under Federal Rule of Civil Procedure 41(a)(1). This case was therefore **DISMISSED WITHOUT PREJUDICE** on March 12, 2025, according to Plaintiff's voluntary dismissal. As a result, the Court **DENIES as moot** Defendant's Motion. (Dkt. No. 25).

This case involves a dispute between Plaintiff ADD Wound Care Solutions, LLC ("ADD Wound Care") and Defendant Intuit Inc. ("Intuit") over withheld customer payments through Intuit's QuickBooks platform. (Dkt. No. 1-4 at 3–9). Intuit moved to compel arbitration based on arbitration clauses in the Parties' agreements. (Dkt. No. 25). ADD Wound Care opposed the motion but alternatively requested that the Court dismiss

the case without prejudice under Federal Rule of Civil Procedure 41(a)(2).  (Dkt. No. 26 at 4).

Although ADD Wound Care incorrectly invoked Rule 41(a)(2), its request for voluntary dismissal operates as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Under this rule, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).

"[T]he cases seem to make it clear that the notice is effective at the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion is sufficient." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (quoting Wright & Miller's Federal Practice & Procedure § 2363 (3d ed. 2014)).  "No order of the court is required and the district judge may not impose conditions." *Id.* (quoting Wright & Miller, *supra*, § 2363).  The Fifth Circuit has held that a plaintiff entitled to dismiss an action as a matter of right need not explicitly cite the Rule and that filing "a 'Motion for Dismissal' rather than a 'Notice of Dismissal'" is a "distinction without a difference." *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976), *overruling on other grounds recognized by Automation Support, Inc. v. Humble Design, LLC*, 982 F.3d 392, 395 n.2 (5th Cir. 2020); *see also Roddy v. Dendy*, 141 F.R.D. 261, 261 (S.D. Miss. 1992) ("Although the document filed . . . was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired . . . was clearly to have [plaintiff's] claims dismissed

without prejudice."); Wright & Miller, *supra*, § 2363 n.41 (collecting cases for the proposition that "a notice in the form of a motion for dismissal is sufficient").

The Fifth Circuit has also "determined that Rule 41(a)(1)(A)(i) 'means precisely what it says' by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice." *In re Amerijet*, 785 F.3d at 973 (5th Cir. 2015) (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975)). "As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." *Id.* at 974. "[A]rgument[s] that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." *Id.* Moreover, "[a] number of courts have held that a motion to stay proceedings and compel arbitration does not extinguish the plaintiff's right to file a notice of dismissal." 8 Moore's Federal Practice § 41.33 & n.67 (3d ed. updated 2025) (collecting cases).

Intuit has not answered or moved for summary judgment, and ADD Wound Care made clear its intention to have this action dismissed without prejudice. (Dkt. No. 26 at 4); *cf. Roddy*, 141 F.R.D. at 261. This action was therefore **DISMISSED WITHOUT PREJUDICE** on March 12, 2025, under Rule 41(a)(1)(A)(i). As a result, Defendant's Motion to Dismiss Or, in the Alternative, Stay Proceedings Pending Arbitration is **DENIED as moot**.

The Clerk is **DIRECTED** to close this action.

It is SO ORDERED.

Signed on July 17, 2025.

                                                              _____
                                                                         **DREW B. TIPTON**
                                                           **UNITED STATES DISTRICT JUDGE**

4